DIANNAH GRIGGS vs. SEABORN J. THOMPSON and ABNER GLAUTEN.

*Bill of Interpleader, Injunction, &c.    Demurrer.*

1st.  A bill of Interpleader will be sustained when there are two parties claiming of
     the complainant the same demand, and it is no objection that one has been car-
     ried into judgment.

2nd.  The ground of equitable jurisdiction in such cases is the doubtful title of the
     defendants.   Without it, the claimant might pay to the party having the inferior
     right, and thereby render himself liable to the other.

This bill is filed by the complainant, praying that the defendants
shall be compelled to interplead upon the following state of facts.
She alleges in her bill, that on the twenty-ninth day of September, in
the year 1839, she made her promissory note, payable to one *Benja-
min Keel*, for the sum of five hundred and fifty dollars, due and
payable on the twenty-fifth day of December, 1840.   That, at some
time thereafter, unknown to her, the said *Keel* transferred said note
to one *Martin Whatley*, and that the said *Seaborn J. Thompson*
commenced his suit against the said *Whatley* on a promissory note
which he held against the said *Whatley* for the sum of eight hundred
and eighty-five dollars and eighty cents, returnable to the April term,
1840, of said Court, and that pending said suit, to wit: on the
twenty-second day of January, 1840, the said *Thompson* caused a
summons of garnishment to be served on the said complainant,
requiring her to answer what she was indebted to the said *Whatley*—
that she appeared at the April term, 1841, of said Court, and answer-
ed said garnishment, denying that she was indebted to the said
*Whatley*, not knowing at that time that her note had been transferred
to him, and that her answer was traversed, and upon the trial of the
issue the Jury found a verdict against her, and judgment has been
entered up thereon in favour of said *Thompson*.   And it is further
stated, that the judgment of the said *Thompson* vs. the said *Whatley*,
on account of which complainant was garnisheed, has been paid off
and satisfied by the then Sheriff of said county, by a rule, in conse-
quence of his having taken insufficient bail, and that the judgment
obtained against complainant on said garnishment is improperly

[Griggs vs. Thompson & Glauten.]

kept open, notwithstanding said *Thompson* has received his money. And it is further alleged, that said promissory note of said complainant was at some time, she does not know when, transferred by the said *Whatley* to the said *Abner Glauten*, and that she has reason to believe that it was after the time at which she was garnisheed, and with a knowledge of said fact. It is further stated, that said *Glauten* has caused suit to be commenced on said note, in the Superior Court of said county, and has obtained a judgment on the same against the complainant, from which she appealed, and which case is now pending on the appeal. And therefore she alleges that she is in danger of being compelled to pay said debt twice, and prays that said defendants may be compelled to interplead, &c.

To this bill the defendants have demurred, upon the following grounds:

1st. Because, from complainant's own shewing, there is no equity in said bill.

2d. Because, complainant has an adequate Common Law remedy.

3d. Because, the allegations in said bill are inconsistent.

4th. Because, from the allegations in said bill, the complainant proposes to go into the investigation of the consideration of a subsisting judgment.

5th. Because, complainant, by her bill, calls upon these defendants to interplead in a matter that is determined by a trial and judgment of this Court, and an action now pending on the appeal at law.

As to the first ground, that there is no equity in the bill, this must depend upon the truth of the fact assumed in the second ground, to wit: that complainant has an adequate Common Law remedy. It is to be observed, in the first place, that this is a general demurrer, and therefore goes to the whole bill, and when this is the case, and there is any part, either as to the relief or the discovery, to which the defendant ought to put in an answer, it is generally considered that the demurrer being entire must be overruled. One charge in the bill, is,

that the note of complainant was transferred to *Glauten*, as complainant believes, after she was garnisheed, but she does not know at what time ; now this is a very important fact to be established to enable her to defend herself in the suit pending against her, and it becomes necessary to resort to the conscience of said *Glauten* to establish it, and it is impossible to defend said action successfully without such proof. The complainant cannot therefore be said to have an adequate remedy at Law, so far as that case is concerned, with regard to the judgment in favour of *Thompson ;* it may be true that she may have a Common Law remedy, provided the judgment upon which the garnishment was predicated has been paid off, but if it has not, it is the more important to have the discovery from *Glauten,* and if it has, then it ought to be satisfied and not kept open fraudulently, as is alleged. It seems to me then, under this state of facts, that complainant has not an adequate remedy at Common Law. But in bills of this kind, the Courts do not require a party to shew all the equitable circumstances which are ordinarily required to entitle him to go into a Court of Equity, but it is said that Courts of Equity assume jurisdiction in such cases.—*Mitford's* Pleadings, 196. It is further said, that the sole ground on which the jurisdiction of the Court in this case is supported, is the danger of injury to the plaintiff from the doubtful titles of the defendants.—*Mitford's* Pleadings, 83. Then, are there not two parties here claiming the same fund ? and is not the complainant in danger of being injured from their doubtful titles ? If so, according to this authority, the Court has jurisdiction.

I do not think the third ground is sustained by the facts.

The 4th ground, is, that complainant seeks to go into the consideration of a subsisting judgment. This is not the object of the bill ; but so far as the judgment is concerned it only proposes to be relieved from its operation upon the ground that it is paid off, and it is somewhat difficult to determine how the complainant could be relieved against the operation of this judgment by any Common Law proceeding. It will be recollected, that the bill does not allege that the judgment against complainant, founded on the garnishment, has been paid, but that the original judgment, in favour of *Thompson* vs. *Whatley,* which was the foundation of the garnishment, has been

[Griggs vs. Thompson & Glauten,]

paid—then, could the Court upon an affidavit of illegality to the execution vs. complainant, go back behind the judgment upon which it is predicated, and enquire into the facts whether the original judgment, upon which it is predicated, be paid off? I think it very doubtful. Then, if it could not, is not this a sufficient reason why the complainant should be entitled to the interposition of a Court of Equity to be relieved against said judgment?

5th. ground. Because said complainant, by her bill of complaint, calls upon the defendants to interplead in a matter that is determined by a trial and judgment of this Court, and an action now pending on the appeal at Law. If it were not for the charge in the bill, as to the payment of the judgment in favour of *Thompson*, then there might be some doubt as to the propriety of going against him in this proceeding, for his rights would be protected by the judgments; but if his judgment has been in fact paid off, it ceases to afford him this protection. And as to the suit in favour of *Glauten*, it is now pending on the appeal, and so far as any rights may have accrued to him by reason of the judgment on the first trial, they are all taken away by the appeal, and the complainant has as much right to defend herself against said suit as if no judgment had ever been obtained, and the very fact that two judgments have been obtained against complainant for the same debt, goes to show that she is in imminent danger of being compelled to pay it twice, and whether it is properly such a case as in which the defendants can be compelled to interplead, the complainant is certainly entitled to the interposition of this Court, for the purpose of obtaining a discovery to enable her to defend herself against this seemingly unjust litigation.

It is therefore ordered, that the demurrer be overruled, and that the defendants be required to answer within four months.

WILLIAM EZZARD, J. S. C. C. C.